**Sharon Lynn ATHERTON, et al., Plaintiffs,**

v.

**Lance WARD, et al., Defendants.**

**No. Civ–96–1926–A.**

United States District Court, W.D. Oklahoma.

Sept. 9, 1998.

James C. Linger, Butler & Linger, Tulsa, OK, for Sharon Lynn Atherton, Robert T. Murphy, Roger Bloxham, Rebecca Michelle Clem, Michael A. Clem, Randy Lee Gann, Charles A. Burris, Rocky Frisco, plaintiffs.

Karin M. Kriz, Wellon B. Poe, Jr., Office of the Attorney General, Litigation Division, Oklahoma City, OK, for Lance Ward, Secretary of the Oklahoma State Election Board, Glo Henley, Chairman of the Oklahoma State Election Board, Kenneth Monroe, Vice Chairman of the Oklahoma State Election Board, Mona Lambird, Member of the Oklahoma State Election Board, Oklahoma State Election Board, defendants.

## MEMORANDUM OPINION AND ORDER

ALLEY, District Judge.

This case comes before the Court for decision following a nonjury trial held June 22 and July 17, 1998. At the conclusion of trial, the Court announced a preliminary ruling in favor of plaintiffs and invited the parties to file supplemental briefs on the issue of how to contour appropriate relief consonant with

the Court's decision. After receiving the parties' submissions, the Court invited plaintiffs further to respond to defendants' proposed plan of implementation and then permitted defendants to respond to plaintiffs' submission. In a word, the parties have been heard. The Court now renders its final decision on the merits of plaintiffs' claims, reserving only the issue of attorney's fees.

## FINDINGS OF FACT

Many key facts are established by stipulation. A few of these facts are repeated here; others appear in the final pretrial order. Other facts necessary to the Court's decision, established by evidence admitted at trial, are set forth briefly below.

Plaintiffs are registered Oklahoma voters and officers or active members of the Libertarian Party. In 1996, by petition signed by more than the requisite number, the Libertarian Party became recognized by the State of Oklahoma, and plaintiffs registered as Libertarian voters. In the November 5, 1996 general election, the Libertarian Party's presidential candidate failed to receive ten percent of the popular vote in Oklahoma. As a result, the Libertarian Party ceased to be a recognized political party pursuant to Okla. Stat. tit. 26, § 1–109. Plaintiffs' political affiliation as registered Libertarian voters in the Oklahoma Election Management System was then changed to Independent as required by Okla.Stat. tit. 26, § 1–110.

Oklahoma does not allow open voter registration. Under Okla.Stat. tit. 26, § 4–112, persons registering to vote must indicate on their application an affiliation with a recognized political party, or they are designated as Independent whatever their views or party affiliation. Now that the Libertarian Party is not a recognized party, plaintiffs cannot register as Libertarians. They must remain listed on voter records as Independents unless the Libertarian Party regains recognized party status by petition pursuant to Okla. Stat. tit. 26, § 1–108, as it did in 1996.

Voter registration records for all counties in Oklahoma became fully computerized in 1990. From 1990 until January 1, 1995, Oklahoma had a system of in-person voter registration in which deputized registrars assisted voters in filling out registration forms. With implementation of the National Voter Registration Act in January 1995, however, Oklahoma switched to a system that no longer uses deputized registrars. Voters instead complete registration applications that are forwarded to and processed by election boards.

As of November 5, 1996, Oklahoma had 141 registered voters who listed their political affiliation as Libertarian. The evidence shows that the Libertarians achieved this number during two short periods of open voter registration after the party became officially recognized in mid-June 1996. Registration closed on July 1, 1996 and was reopened only from October 1 until October 11, 1996. See Okla.Stat. tit. 26, §§ 4–110.1, 4–119. Also, Libertarian voters attempting properly to change their registration to that party experienced substantial difficulty in making the change due to staff confusion at county election boards and a voter registration application form that had no option for party designations other than Democrat or Republican. The experience of another political party that became recognized in 1996, the Reform Party, demonstrates that without these obstacles the number of registered voters affiliated with a new party steadily increases. Its registered voters rose from 129 in November 1996 to 149 in March 1997 to 269 in January 1998.

Oklahoma's current voter registration application allows a voter to select from the following political affiliations: Democratic Party; Republican Party; Reform Party; No Party; and Other. The State Election Board developed the form in 1997 to accommodate the flux in recognized political parties experienced in 1996. Next to the option "Other" is a blank space that enables an applicant to write in a non-recognized party; but, if a person were to do that now, he or she would be designated as an Independent on voter rolls.

The Oklahoma Election Management System includes computerized data kept by state and county election boards on every registered voter. A current computer-generated list of voters can be obtained by making a

request of the State Election Board or a county election board. Information is available by precinct, and lists include the address and party affiliation of each voter. Election officials use such lists to conduct elections under Oklahoma's closed primary system, but the lists are public information.

## PLAINTIFFS' CLAIMS FOR RELIEF

Plaintiffs want their support of the Libertarian Party reflected in Oklahoma's voter registration records; they view such registration as a form of political speech. They also contend that the inability to obtain a list of Oklahoma voters who consider themselves Libertarians unfairly burdens plaintiffs' right of political association. Plaintiffs argue that under the rationale of *Baer v. Meyer*, 728 F.2d 471 (10th Cir.1984), Oklahoma's voter registration system violates their First Amendment rights. They ask the Court to declare unconstitutional two statutes that, as applied to them, prevented their being registered as Libertarian voters, Okla.Stat. tit. 26, § 1–110 and § 4–112, and to enjoin defendants from enforcing these laws as to plaintiffs and other Oklahoma voters who wish to register as Libertarians.

## DEFENDANTS' POSITION

Defendants urge the Court to avoid interference with Oklahoma's chosen voter registration scheme. They distinguish *Baer* as involving a different state system and one that provided by statute for "political organizations," as well as traditional parties. Such entities were not recognized as political parties but were given name protection after they succeeded in placing candidates on the ballot. Defendants urge the Court not to magnify problems created by the federal "motor voter" law. They contend that giving registration rights to a non-recognized political party will only increase voter confusion and defendants' difficulty in controlling the registration process and administering state election laws. Defendants argue that computerization and the concomitant ease in tracking political affiliation should not blur the real issue: Oklahoma's right to conduct elections and, as part of this right, to select a voter registration scheme that bests suits its election process without regard to the First Amendment considerations that underlie plaintiffs' being here.

## ANALYSIS AND CONCLUSIONS

This Court is bound by the court of appeals' decision in *Baer*, which affirmed a decision requiring the State of Colorado to permit and to include in computerized voter registration records a voter's designation of political affiliation with the Libertarian Party or the Citizens Party. The court of appeals concluded that the First Amendment compelled this relief even though Colorado had a closed registration system, did not recognize these organizations as political parties, and gave them no statutory registration rights. The court of appeals found that these parties had demonstrated a "modicum of political organization and support" by placing candidates on the ballot in recent elections and that the burden to Colorado in registering members of these parties would be "merely nominal." *Baer*, 728 F.2d at 475–76. It also found that the state's refusal to include designations for these minority groups in voter registration records unnecessarily and unfairly burdened the individuals' First Amendment rights of political association. *Id.* In so holding, the court balanced the competing interests of voters who wished to associate with minority political organizations against the state's interest in regulating and conducting elections, as required by *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983), and came down on the side of a constitutional right, namely, that plaintiffs were entitled to register under the party affiliation they actually had.

The court of appeals applied *Baer* with different results in *Rainbow Coalition of Okla. v. Oklahoma State Election Bd.*, 844 F.2d 740 (10th Cir.1988). There, the court rejected a challenge to Oklahoma's voter registration system by the Rainbow Coalition, Libertarian, and Populist Parties. At the time, Oklahoma's voter registration system was computerized in only three counties, and the court found that the administrative burden of allowing members of non-recognized political parties to register would be substantial. This burden, combined with the state's

interest in controlling party registration of tiny fractional interests, was found to outweigh the infringement of plaintiffs' associational rights. The court of appeals deemed Oklahoma's registration statutes constitutional because, under the circumstances there presented, Oklahoma had "not unnecessarily infringed upon the associational rights of the voter and his party by restricting party designation to those parties that have shown the modicum of support necessary to receive recognized status." *Rainbow Coalition*, 844 F.2d at 747.

In this case, plaintiffs have made a strong showing that their chosen political group, the Libertarian Party, has a significant modicum of support and organization in Oklahoma. Although currently not a recognized political party, the Libertarian Party recently has been successful in petitioning for recognition under Okla.Stat. tit. 26, § 1–108 and in placing candidates on the ballot by petition. It is an identifiable, active political group within Oklahoma. It has recognized officials, organizational structure, written by-laws, and regularly scheduled meetings and conventions. Its members share a particular viewpoint and associational preference. They pay party dues. They are not "independents," the only designation permitted to them under Oklahoma statutes. They are entitled to be heard as a party with respect to First Amendment rights and to be protected from undue restriction by the State of Oklahoma.

The modest number of voters listed as Libertarian in Oklahoma registration records in 1996 does not accurately reflect the extent of the party's public support within the state. There was an extremely short period of time during which Libertarian voters could change their registered political affiliation or do a first-time registration in their party after the party became recognized in 1996. In addition to very brief windows of opportunity, persons wishing to register their political affiliation with the Libertarian Party encountered substantial difficulty accomplishing this, even being told wrongly by otherwise well-informed staff of county election boards that such registration was not permitted. If Oklahoma voters had been given an option to register as Libertarian for a longer time span, their degree of support would have been significantly higher.

Oklahoma's voter registration scheme places a substantial burden on the First Amendment rights of voters affiliated with the Libertarian Party. The Court sees no difference in a constitutional sense between Oklahoma law and the Colorado law at issue in *Baer.* As noted there, success in modern political organization and electoral campaigns depends on a group's ability to seek particularized support by targeting an appropriate audience and focussing its efforts. Access to computerized information about the political affiliation of registered voters is a great help, if the data indicates the particular party preference of individual voters. Oklahoma is to be complimented for making its voter information readily available. However, an inherent limitation in its system is the lack of information about voters whose political preferences are not the officially recognized political parties. Without necessarily intending to discriminate against voters and candidates who belong to the Libertarian Party, Oklahoma prevents them from obtaining and using particularized voter information in the manner enjoyed by those who belong to recognized political parties. This restriction places Libertarians at a significant political disadvantage.

In contrast, the burden to the State of Oklahoma in permitting members of the Libertarian Party to register their political affiliation and recording the information by computer is insubstantial. Defendants concede that computerization of Oklahoma's voter registration records and adoption of the current application form make recordation of Libertarian designations an easy task. Defendants' primary concern is that allowing applicants to designate a presently non-recognized party in the "Other" space on the form will confuse voters and election officials. Defendants also worry that lack of direct communication between election boards and voters wishing to register will exacerbate the problem. The parade of horrors offered by defendants simply does not justify the heavy burden on First Amendment rights suffered

by the Libertarians when their registration as such is prohibited.

Any confusion to voters who would write in "Libertarian" on registration applications and to election board employees who would record such entries is not significantly different from what they face under the current system. As to a potential need for employees to make judgment calls, this potential exists any time one person has to decipher another's penmanship and already exists in regard to other types of information on the form. The Court is confident that election board employees are up to the task; methods of clarifying illegible or unclear designations can be devised if necessary. Similarly, any confusion generated by affording a new associational option to voters and communicating this change to the plethora of persons authorized to gather voter registration applications can be overcome. Finally, defendants' expressed concerns about sorting out frivolous attempts to designate other party affiliations and avoiding copycat requests for registration rights by other groups are illusory. Undoubtedly, in view of the Libertarian's strong showing of public support, this case does not involve a tiny fractional interest. Moreover, the relief afforded in this case will be specific, and is not extended to groups that do not have the significant modicum of political support that is a threshold for judicial recognition of First Amendment political rights. *See Munro v. Socialist Workers Party,* 479 U.S. 189, 193, 107 S.Ct. 533, 93 L.Ed.2d 499 (1986).

### ORDER

The above analysis and conclusions lead the Court to rule as follows. The Libertarian party has currently achieved a substantial degree of support within the State of Oklahoma. Plaintiffs have important First Amendment rights in associating, voting, petitioning, and otherwise participating effectively as members of the Libertarian Party in Oklahoma's electoral process. The State Election Board has unfairly and unnecessarily burdened these rights by refusing to allow plaintiffs' affiliation with the Libertarian Party to be reflected in voter registration records. The statute requiring plaintiffs' party affiliation to be changed to Independent when the Libertarian Party ceased to be recognized, Okla.Stat. tit. 26, § 1–110, is not facially unconstitutional. However, the statute that prevents plaintiffs from re-registering as affiliates of the Libertarian Party, Okla.Stat. tit. 26, § 4–112, must yield to *their* constitutional rights of political association and speech. "Their" is underscored because § 4–112 may be perfectly proper as applied to a group lacking the "significant modicum." Oklahoma residents who wish to register as voters associated with the Libertarian Party are constitutionally entitled to do so.

Defendants have requested that the Court make other specific rulings designed to define clearly the limited nature of the right recognized by this Order. At defendants' request, the Court further orders as follows: A new category of voter exists that is neither affiliated with a recognized political party nor within the group designated as Independents under Okla.Stat. tit. 26, § 4–112. The political affiliation of voters in this category may be denominated by defendants as a "political organization," meaning an organization (political group) that has been recognized as a political party by the State of Oklahoma but thereafter has failed to retain this status by garnering the statutory percentage of votes for its candidates. The duration of a group's status as such an organization will not be indefinite; it will terminate after two election cycles, that is, four years from the date that the group is decertified as a political party by the State Election Board pursuant to Okla. Stat. tit. 26, § 1–109.[1] A group can regain this status only by again becoming a recognized political party through petition, and then losing recognized party status by failing to get the statutory percentage of votes. This part of the Order is designed to assure that the "significant modicum" is present.

When such an organization is created by decertification of a recognized political party, all voters registered as affiliates of the political party may properly be designated as Independents pursuant to Okla.Stat. tit. 26, § 1–110. Individual voters may then change

---

1. This duration is proposed by plaintiffs.

their registration to reflect their affiliation with the organization if they so desire. Voters who register such an affiliation are not Independents. They cannot participate in nomination of candidates of recognized political parties, whether or not a political party allows independent voters to participate in its primary elections. The organization has no right under this Order to run a slate of candidates for office, to conduct primary elections, or to have name recognition on any ballot. These things may be done only if it succeeds in the petition process set out in Oklahoma statutes. An affiliated voter cannot file as an Independent candidate for political office. Registration of a voter's affiliation remains subject to other generally applicable restrictions imposed by Oklahoma law.

The Oklahoma State Election Board shall be responsible for communicating the terms of this Order to county election boards and for training and educating their personnel in its implementation. This Order does not prevent the State of Oklahoma from amending its statutory provisions so long as amendments are consistent with the Order's import. The Oklahoma Legislature may, but need not, afford an organization such as the Libertarian Party greater rights than are stated in this Order. Any disagreement concerning implementation of this Order shall be addressed first by the Oklahoma State Election Board, which will have a reasonable amount of time to respond. The effective date of this Order is January 1, 1999.

Judgment will be entered in accordance with this Order. Plaintiffs' request for an award of attorney's fees under 42 U.S.C. § 1988 must be made by separate motion filed in accordance with Fed.R.Civ.P. 54(d)(2) and LCvR54.2.